# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>Fairfield Sentry Limited., *et al.,*<br><br>　　　　　Debtors in Foreign Proceedings. | Chapter 15 Case<br><br>Case No. 10-13164 (BRL)<br>Jointly Administered |
| Fairfield Sentry Limited (In Liquidation), *et al.*,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>SNS Global Custody and Beneficial Owners of the Accounts Held In the Name of SNS Global Custody 1-1000,<br><br>　　　　　Defendants. | Case No. 10-07529 (LAP) |

**REPLY MEMORANDUM IN FURTHER SUPPORT OF SNS GLOBAL'S MOTION TO VOID OR WITHDRAW THE REFERENCE, AND, <u>UPON VOIDING OR WITHDRAWAL, TO REMAND OR ABSTAIN</u>**

.

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................................ ii

PRELIMINARY STATEMENT ..........................................................................................................1

ARGUMENT.........................................................................................................................................2

I.  THE ACTION CANNOT PROCEED IN THE BANKRUPTCY COURT .........................2

    A.  Fairfield Improperly Focuses on Whether the Remand and Abstention Questions Alone Are Core Proceedings. ................................................................2

    B.  The Action Is Not a "Core" Proceeding. ................................................................4

    C.  The Other *Orion* Factors also Support Withdrawal of the Reference. ....................6

II.  UPON WITHDRAWAL OF THE REFERENCE, THE CASE SHOULD BE REMANDED TO NEW YORK STATE COURT. ................................................................9

    A.  Remand Is Appropriate Under 28 U.S.C. § 1452. ...................................................9

    B.  Remand Is Appropriate Because the Notice of Removal Does Not Comply with Rule 9027. ......................................................................................................10

III.  THE COURT SHOULD ABSTAIN FROM HEARING THIS ACTION. ........................13

CONCLUSION....................................................................................................................................15

## TABLE OF AUTHORITIES

### CASES

*Acolyte Electric Corp. v. City of N.Y.*,
  69 B.R. 155 (Bankr. E.D.N.Y. 1986), *aff'd*, No. 86-0329, 1997 WL 47763
  (E.D.N.Y. Mar. 27, 1987) .................................................................................................13

*Borne v. New Orleans Health Care, Inc.*,
  116 B.R. 487 (E.D. La. 1990) ...............................................................................................6

*Drexel Burnham Lambert Group, Inc. v. Vigilant Insurance Co.*,
  130 B.R. 405 (S.D.N.Y. 1991) ...................................................................................6, 9, 10

*Durso Supermarkets, Inc. v. D'Urso (In re Durso Supermarkets)*,
  170 B.R. 211 (S.D.N.Y. 2004) ..............................................................................................5

*General Electric Capital Corp. v. Teo*,
  No. 01-cv-1686, 2001 WL 1715777 (D.N.J. Dec. 14, 2001) ................................................3

*In re Amanat*,
  338 B.R. 574 (Bankr. S.D.N.Y. 2005) .................................................................................14

*In re Delaware & Hudson Railway Co.*,
  122 B.R. 887 (D. Del. 1991) .................................................................................................3

*In re Loy*,
  No. 07-51040, 2009 WL 2381339 (Bankr. E.D. Va. Aug. 3, 2009),
  *aff'd in part*, 432 B.R. 551 (E.D. Va. 2010) ........................................................................5

*In re M. Fabricant & Sons, Inc. v. Long's Jewelers Ltd.*,
  No. 08-cv-1982, 2008 WL 2596322 (S.D.N.Y. June 26, 2008) .......................................7, 8

*Joremi Enterprises, Inc. v. Hershkowitz (In re New 118th LLC)*,
  396 B.R. 885 (Bankr. S.D.N.Y. 2008) .................................................................................15

*Kohn v. Haymount Ltd. Partnership, L.P. (In re International Benefits Group, Inc.)*,
  No. 06-2363, 2006 WL 2417297 (D.N.J. Aug. 21, 2006) .....................................................5

*LFD Operating, Inc. v. General Electric Capital Corp. (In re Ames Department Stores, Inc.)*,
  No. 06-cv-5394, 2008 U.S. Dist. LEXIS 109362 (S.D.N.Y. June 4, 2008) ..........................4

*Lifetime Brands Inc. v. ARC International, SA*,
  No. 09-cv-9792, 2010 WL 454680 (S.D.N.Y. Jan. 29, 2010) .............................................14

*Northwest Airlines, Inc. v. City of Los Angeles (In re Northwest Airlines Corp.)*,
  384 B.R. 51 (S.D.N.Y. 2008) ................................................................................................3

*Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*,
    4 F.3d 1095 (2d Cir. 1993) ..................................................................................................5

*Osanitsch v. Marconi PLC (In re Marconi PLC)*,
    363 B.R. 361 (S.D.N.Y. 2007) ............................................................................................5

*Personette v. Kennedy (In re Migard Corp.)*,
    204 B.R. 764 (B.A.P 10th Cir. 1997) ................................................................................14

*South St. Seaport Ltd. Partnership v. Burger Boys, Inc. (In re Burger Boys, Inc.)*,
    94 F.3d 755 (2d Cir. 1996) ..................................................................................................2

*Technology Outsource Solutions, LLC v. Eni Technology, Inc.*,
    No. 02-c 2003 WL 252141 (W.D.N.Y. Jan. 23, 2003) .....................................................14

*V.W. Eimicke, Inc. v. Amlicke (In re VWE Group, Inc.)*,
    359 B.R. 441 (S.D.N.Y. 2007) .........................................................................................3, 7

*Vornado Realty Trust v. Stop & Shop Supermkt. Cos. (In re Bradlees, Inc.)*,
    No. 04-cv-5500, 2005 WL 106794 (S.D.N.Y. Jan. 19, 2005) ..........................................13

*Wachsmuth v. Cohen (In re Wachsmuth)*,
    272 B.R. 766 (M.D. Fla. 2001) .......................................................................................4, 6

**STATUTES**

11 U.S.C. § 1521 ..............................................................................................................................8

28 U.S.C. § 1334 ............................................................................................................................15

28 U.S.C. § 1447 ..............................................................................................................................9

28 U.S.C. § 157 .......................................................................................................................2, 5, 6

**PRELIMINARY STATEMENT**

SNS Global Custody B.V. ("SNS") has moved to void or withdraw the reference for this Action because Fairfield's claims in this Action are not related to its Chapter 15 case, and thus cannot proceed in bankruptcy court. Rather than addressing this undeniable argument, Fairfield misdirects the question, arguing that the bankruptcy court has jurisdiction to decide all "preliminary jurisdiction motions" such as SNS's motion to remand this Action to state court.

This misses the point. SNS is not seeking to withdraw the reference with respect to just its preliminary jurisdiction motions. It is seeking to withdraw the reference of the Action *as a whole* because the Action is not a "core" proceeding brought under or arising in a title 11 case, nor is it related to a case under title 11. Thus, the Action never should have been referred to bankruptcy court to begin with.

Even if the bankruptcy court did have jurisdiction, the reference should still be withdrawn because Fairfield's common law claims are not central to its bankruptcy case under Chapter 15 of the Bankruptcy Code. Fairfield's Chapter 15 case is an "ancillary" proceeding, as opposed to a "plenary" case under Chapter 7 or Chapter 11, and thus is, by design of federal bankruptcy law, of limited scope.

Fairfield's other principal argument is that it has created a mess by bringing some cases first in state court before removing them to this Court, and then referring them to bankruptcy court. SNS agrees that Fairfield has created a mess. But SNS disagrees that the way to solve the problem is to transfer all cases to the bankruptcy court regardless of jurisdiction, as Fairfield suggests.[1]

---

[1] In filing this reply brief, SNS is not admitting any fact or waiving any right or defense, including, without limitation, in respect of the adequacy of service and the personal jurisdiction of the Court over SNS or any other defendant in this Action. SNS does not hereby submit to the jurisdiction of any court, and expressly reserves all of its rights and defenses in respect of personal jurisdiction.

- 1 -

**ARGUMENT**

I.   **THE ACTION CANNOT PROCEED IN THE BANKRUPTCY COURT**

   A.   **Fairfield Improperly Focuses on Whether the Remand and Abstention Questions Alone Are Core Proceedings.**

SNS's motion is based primarily on the simple proposition that this Action cannot properly be referred to, and cannot proceed in, the bankruptcy court because the Action is neither a "core" proceeding (*i.e.*, it was not brought under title 11 and does not arise in a case under title 11) nor is it "related to" a case under title 11.  28 U.S.C. § 157(a); s*ee also* SNS Br. at 3.

Fairfield does not dispute that whether a proceeding is core or non-core is the "most important" factor in deciding whether there is cause to withdraw the reference under 28 U.S.C. § 157(d).  *See South St. Seaport Ltd. P'Ship v. Burger Boys, Inc. (In re Burger Boys, Inc.)*, 94 F.3d 755, 762 (2d Cir. 1996) (cited in SNS Br. at 5).  Instead, Fairfield misguidedly argues that whether the underlying lawsuit is core or non-core "is simply irrelevant" to the question of whether the Action belongs in the bankruptcy court, because the bankruptcy court has jurisdiction to decide preliminary jurisdiction issues such as SNS's remand and abstention motions.  Withdrawal Opp. at 11.  But SNS has requested withdrawal of the reference for the Action *as a whole*, and thus the question of whether the Action as a whole is core or non-core is not just relevant, but crucial.

Fairfield's attempt to apply the core / non-core test only to the pending questions of remand and abstention, and not to the Action as a whole, fails as well because it assumes its own conclusion.  Fairfield argues that issues of remand and abstention are core proceedings in the abstract, regardless of the context of the actions in which those issues arise.  Fairfield then goes on to argue that since the bankruptcy court *may* address remand or abstention in some actions, the bankruptcy court *must* be the court to make that determination in any core or non-core action, regardless of whether the underlying lawsuit has any business being in the bankruptcy court in

the first place, or whether or for how long it will remain there.  Withdrawal Opp. at 11-12.

Courts in this district, however, have held that "district courts *can* determine, in the first instance, whether a proceeding is core or non-core."  *See Northwest Airlines, Inc. v. City of Los Angeles (In re Northwest Airlines Corp.)*, 384 B.R. 51, 56 (S.D.N.Y. 2008) (observing that the majority of courts in the Second Circuit hold that district courts can make the core/non-core determination); *see also V.W. Eimicke, Inc. v. Amlicke (In re VWE Grp., Inc.)*, 359 B.R. 441, 447-48 (S.D.N.Y. 2007) ("*Orion*'s clear language refutes plaintiff's contention that the core/non-core determination must be made by a bankruptcy judge").[2]  Accordingly, even if the scope of SNS' withdrawal request were limited to the issues of remand and abstention, the Court should not accept Fairfield's premise that those issues must be heard by the bankruptcy court.

Furthermore, Fairfield's argument that only remand and abstention issues are to be considered pursuant to SNS's withdrawal motion ignores the considerations of efficiency that Fairfield acknowledges are key under *Orion*'s core / non-core analysis.  Withdrawal Opp. at 12-13.  Fairfield's logic suggests that if the Court were to decline to withdraw the reference on the issues of remand and abstention, and if the bankruptcy court were to decline to remand or abstain, this Court could later consider a *second motion*—or, indeed, multiple additional motions—to withdraw the reference at the next or subsequent stages of the litigation.  Inviting repetitive litigation over the withdrawal of the reference does not serve the interests of judicial economy, and instead anticipates protracted procedural disputes.  It is most efficient for this Court to determine now whether the Action as a whole is core or non-core, as part of its decision on whether to withdraw the reference for the Action as a whole.

---

[2]    These New York cases rebut the cases cited by Fairfield, from Delaware and New Jersey, to support its contention that "numerous courts" have determined that "'the *bankruptcy judge* must make the determination of whether proceedings are core or non-core.'"  Withdrawal Opp. at 15-16 (citing *In re Delaware & Hudson Ry. Co.*, 122 B.R. 887 (D. Del. 1991) and *General Elec. Capital Corp. v. Teo*, No. 01-cv-1686, 2001 WL 1715777 (D.N.J. Dec. 14, 2001)).

### B. The Action Is Not a "Core" Proceeding.

Despite Fairfield's efforts at misdirection, it is abundantly clear that the bankruptcy court lacks jurisdiction because the Action itself is not a "core" proceeding or related to a case under title 11. The common law claims at issue in this Action were: (1) not brought under the Bankruptcy Code, (2) initially brought in New York state court, and (3) brought before Fairfield had even filed a petition for Chapter 15 recognition (without any reference at all to a bankruptcy case or to the Bankruptcy Code). The Action therefore cannot be a "core" bankruptcy proceeding based on what Fairfield acknowledges is the Second Circuit standard. Withdrawal Opp. at 17 (defining a core proceeding as one that is "unique to or uniquely affected by [a] bankruptcy case" or that "directly affects a core bankruptcy function") (citing *LFD Operating, Inc. v. General Elec. Capital Corp. (In re Ames Dep't Stores, Inc.)*, 2008 U.S. Dist. LEXIS 109362, at *17 (S.D.N.Y. 2008)).

Fairfield nevertheless contends that the Action itself is core because "it was only upon Chapter 15 recognition that the [liquidators] had the uncontroverted right and standing" to bring it. Withdrawal Opp. at 18 (suggesting that "in the absence of recognition, the [liquidators] may have been unable to sustain the Redeemer Actions in United States courts"); *see also* Remand Opp. at 7-8 (same). If that were true, then Fairfield lacked the authority to file the Action—and upwards of 70 actions like it—in New York state court before it had even petitioned for Chapter 15 recognition.

In any case, Fairfield's argument suggests incorrectly that *any* lawsuit brought by *any* foreign representative under Chapter 15 is transformed into a "core" proceeding once the Chapter 15 proceedings are recognized by the bankruptcy court. That is not, and cannot be, the case. *See, e.g.*, *Wachsmuth v. Cohen (In re Wachsmuth)*, 272 B.R. 766, 770 (M.D. Fla. 2001) ("It is clear" that lawsuit brought by foreign representatives asserting state law claims "is neither

- 4 -

core nor a related matter"); *cf. Kohn v. Haymount Ltd. P'ship., L.P. (In re Int'l Benefits Grp., Inc.)*, No. 06-2363, 2006 WL 2417297, at *3 (D.N.J. Aug. 21, 2006) (claims brought by Chapter 11 trustee "based on a contractual relationship that was consummated long before [the] bankruptcy filing" that "do[] not specifically concern the administration of the estate" or "invoke a substantive right under Title 11" are not core claims).  The mere fact that any damages that might be recovered in the Action would flow to Fairfield's creditors does not and cannot, by itself, render the action core.  *See, e.g.. Durso Supermkts., Inc. v. D'Urso (In re Durso Supermkts.)*, 170 B.R. 211, 214 (S.D.N.Y. 2004).

      Fairfield also mischaracterizes the Action as core "under various provisions" of 28 U.S.C. § 157(b), contending that the Action is one concerning "administration of the estate," seeking "'orders to turn over property of the estate,'" and is a "'proceeding[] affecting the liquidation of the assets of the estate.'"  Withdrawal Opp. at 18-19 (citing 28 U.S.C. §§ 157(b)(2)(A), (E) & (F)).  Again, if Fairfield's common law claims for damages were rendered "core" by these provisions, any claim for damages filed by a trustee would be "core."  That is not the law.  *See, e.g.*, *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1102 (2d Cir. 1993) (reversing lower court holding that contract action for damages was "core" under § 157(b)(2)(A) and noting that "defining pre-petition contract actions as core because the amounts allegedly due would inure to the benefit of the estate would 'wipe out the underpinnings of *Marathon*'") (quoting 1 Collier on Bankruptcy ¶ 3.01[2][b][iii], at 3-49)).  Moreover, these arguments ignore that Chapter 15 is an ancillary proceeding in which no estate is created.  *See Osanitsch v. Marconi PLC (In re Marconi PLC)*, 363 B.R. 361, 366 (S.D.N.Y. 2007); *In re Loy*, No. 07-51040, 2009 WL 2381339, at *6 (Bankr. E.D. Va. Aug. 3, 2009), *aff'd in part*, 432 B.R. 551 (E.D. Va. 2010).  There is therefore nothing for the bankruptcy court to

administer, nothing to which to turn over property, and no estate containing assets to liquidate.

Nor does Fairfield succeed in shoehorning its common law claims into Section 157(b)(2)(P), which states that core proceedings include those involving "recognition of foreign proceedings and other matters under chapter 15.'" *Every* lawsuit brought by a Chapter 15 foreign representative would be a "core" proceeding if there were merit to Fairfield's expansive reading of "other matters under Chapter 15" to include "the ability of a foreign representative [to] use [its] access to the courts of the United States." Withdrawal Opp. at 19. Again, that is not the case. *See, e.g.*, *In re Wachsmuth*, 272 B.R. at 770. This Action, brought against a non-U.S. financial institution for recovery of funds allegedly transferred to the non-U.S. financial institution by a BVI fund, is not within the scope of proceedings properly brought under Chapter 15, which has as its purpose the oversight of U.S. assets and U.S. creditors.

Finally, it is no answer to argue, as Fairfield has, that the Action is core because its common law claims "are intangible assets of the Debtors venued in the United States." Remand Opp. at 9. This Court has previously rejected that argument, concluding that the mere fact that a debtor has asserted claims "is not sufficient to warrant the retention of federal jurisdiction over these claims." *Drexel Burnham Lambert Grp., Inc. v. Vigilant Ins. Co.*, 130 B.R. 405, 408 (S.D.N.Y. 1991) (citing *Borne v. New Orleans Health Care, Inc.,* 116 B.R. 487, 495 (E.D. La. 1990) (remanding state-law action because, "[a]s an action by a debtor seeking to recover damages under state law for prepetition injuries, this action does not invoke any particular right under title 11 and can certainly exist outside the context of the bankruptcy")).

C.     **The Other *Orion* Factors also Support Withdrawal of the Reference.**

The additional *Orion* factors likewise support withdrawal of the reference. First, as set forth above, because the Action is not a core proceeding, any findings and conclusions by the bankruptcy court would be subject to *de novo* review by this Court, which would lead to

- 6 -

duplication of effort and unnecessary use of judicial resources.  In addition, because Fairfield has demanded a jury trial that cannot be held in the bankruptcy court without SNS's consent (which it has not provided), the Action would necessarily travel to the district court at a later stage.  Fairfield cannot avoid this reality by trying to disclaim its own jury-trial demand.  *See* Remand Opp. at 23 & Withdrawal Opp. at 14 n.7 (characterizing it as an "alleged right to a jury trial," and stating that "it has not been determined whether any party is entitled to a jury trial.").  Its jury-trial request, coupled with the non-core nature of the Action, gives rise to "cause" to withdraw the reference.  *See, e.g.*, *In re VWE Grp., Inc.*, 359 B.R. at 446 ("a finding that plaintiff's malpractice claim against the defendants is non-core means that defendants have a right to a jury trial, which gives rise to 'cause' for withdrawing the reference of the claim to the bankruptcy court").

Second, *Orion* counsels in favor of withdrawing the reference because there will be no delay or additional cost in having this Court, rather than the bankruptcy court, preside over the Action.  *See id.* at 446-47, 451 (concluding that withdrawal of reference would not delay proceedings where some discovery had taken place, but there had been no significant activity in the bankruptcy court).  The Action is in its nascent stages and has proceeded no further in the bankruptcy court than it has in this Court (or, for that matter, in state court).  Indeed, all of Fairfield's "clawback" actions against SNS and other defendants—those commenced by Fairfield in the BVI court, those commenced by Fairfield in New York state court, and those commenced by Fairfield in the bankruptcy court—have proceeded no further than the Action.

Third, Fairfield's claims in this Action do not involve bankruptcy law, "so the bankruptcy court is not in a better position to handle pre-trial proceedings" or any stage of the Action.  *In re M. Fabricant & Sons, Inc. v. Long's Jewelers Ltd.*, No. 08-cv-1982, 2008 WL 2596322, at *4

(S.D.N.Y. June 26, 2008) (withdrawing reference where "[t]he Complaint and [] counterclaim do not make any allegations that involve bankruptcy law," but instead "concern a contract dispute under New York law").  Nor do the common law claims asserted in this Action raise any complex bankruptcy-related issues that require consideration by that court.  Fairfield seems to argue that the common law claims in the Action are the familiar types of avoidance actions found in many bankruptcy cases.  However, insofar as that comparison holds, Chapter 15 explicitly forbids foreign representatives like the Fairfield liquidators from asserting such claims.  *See* 11 U.S.C. § 1521(a)(7) (prohibiting foreign representatives from asserting, *inter alia*, fraudulent transfer and preference claims).  That resemblance therefore cannot serve as a basis for reference to the bankruptcy court.  Either the claims are common law claims for which there is no bankruptcy jurisdiction, or the claims are really disguised avoidance actions that the foreign representatives cannot pursue on behalf of Fairfield.

Finally, it is worth noting that if Fairfield's true goal were consideration of its actions "in a consolidated, uniform manner," Withdrawal Opp. at 13, then (1) it would not have filed over 100 lawsuits in New York state court *after* already commencing many additional proceedings in the BVI; (2) it would not have removed the New York state court actions to federal court; and (3) it would not have subsequently started to commence additional actions afterwards in the bankruptcy court.  That Fairfield did all of these things, and the sequence in which it did them, suggests strongly that its aim is not judicial efficiency, but rather finding what it believes to be a court that will look favorably upon its claims.

## II. UPON WITHDRAWAL OF THE REFERENCE, THE CASE SHOULD BE REMANDED TO NEW YORK STATE COURT.

The only alleged basis for federal court jurisdiction is under 28 U.S.C. § 1334. *See* Notice of Removal ¶ 6, No. 10-cv-06585 (S.D.N.Y. Sept. 3, 2010) (Dkt. No. 1). Because there is no bankruptcy jurisdiction under Section 1334, this Court should remand the Action or abstain from hearing it.

### A. Remand Is Appropriate Under 28 U.S.C. § 1452.

Just as the Action was not properly referred to the bankruptcy court because it was not brought "under title 11" and is not a proceeding "arising in or related to" a case under title 11, so too was it not properly removable under 28 U.S.C. § 1452(a). Because the Action does not fall within 28 U.S.C. § 1334's jurisdictional grant, 28 U.S.C. § 1447(c) mandates remand to the state court where it was originally filed. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded").

Remand is also appropriate under Section 1452(b), the "equitable remand" statute, which allows this Court to remand any claim or cause of action on "any equitable ground." Each of the factors that courts in this district consider weighs in favor of equitable remand.[3] *See* SNS Br. at 8-9.

As a threshold matter, there is no "estate" being administered here, so there is no "related to" jurisdiction, and remand will not have any effect on the "efficient administration of [a] bankruptcy estate." *Drexel*, 130 B.R. at 407. The same liquidator, in fact, has previously acknowledged that a Chapter 15 proceeding does not create a bankruptcy estate to be

---

[3] Factors to consider in determining whether equitable remand is appropriate include "(1) the effect on the efficient administration of the bankruptcy estate; (2) the extent to which issues of state law predominate; (3) the difficulty or unsettled nature of the applicable state law; (4) comity; (5) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (6) the existence of the right to a jury trial; and (7) prejudice to the involuntarily removed defendants." *Drexel*, 130 B.R. at 407.

administered. *See* Mem. of Law in Support of Mot. for Remand and/or Abstention at 11, in *Krys v. Sugrue*, No. 08-3086 (S.D.N.Y. Apr. 25, 2008) (Dkt. No. 42) ("Plaintiffs' common law tort claims . . . might ultimately benefit the [funds'] estate in the Cayman Islands," but that does not render those claims "'related to' a case under United States Bankruptcy law because, under *Marconi*, the [Chapter] 15 action does not create the type of bankruptcy estate that gives rise to 'related to' jurisdiction") (arguing *in support* of remand in lawsuit brought on behalf of a family of investment funds in liquidation proceedings in the Cayman Islands).[4]

Moreover, all of Fairfield's claims appear to be based on New York common law, and Fairfield has demanded that a jury try all of them. These factors, too, support remand under Section 1452(b). *See Drexel*, 130 B.R. at 409 (concluding that "the equitable factors in this case" warrant remand "[g]iven that this is purely a state law action" and "a jury trial has been demanded").

### B. Remand Is Appropriate Because the Notice of Removal Does Not Comply with Rule 9027.

Fairfield no more successfully refutes SNS's showing that remand is appropriate because the notice of removal does not comply with Rule 9027(a)(2), the rule governing timeliness of removal.

First, because Rule 9027(a)(2) does not contain any provision that would be applicable to the removal of the Action to the Fairfield Chapter 15 cases, Fairfield cannot establish that removal of the action was permissible at all, let alone timely. Rule 9027(a)(2) contains three

---

[4] Attached at Ex. A to the Declaration of Jeremy S. Winer ("Winer Decl."); *see also* Reply Mem. in Further Support of Mot. for Remand and/or Abstention at 6, *Krys v. Sugrue*, No. 08-3086 (S.D.N.Y. June 10, 2008) (Dkt. No. 98) ("There is no 'estate' in [Chapter 15] proceedings," and "[b]ecause the critical inquiry in determining 'related to' jurisdiction is whether the outcome might have any conceivable effect on the bankruptcy estate, related to jurisdiction fails" (internal citation omitted)) (Winer Decl. Ex. B).

clauses that address the timing for removal.  The first clause, (a)(2)(A), permits the notice of removal to be filed within "90 days after the order for relief" in the bankruptcy case.  Yet, as Fairfield acknowledges, there *is no order for relief in a Chapter 15 bankruptcy case*, as distinguished from Chapter 7 and Chapter 11 bankruptcy cases, and therefore this clause cannot apply.  *See* Fairfield's Mot. for an Order Granting Relief Under 11 U.S.C. § 108 and Setting the Date of the Order for Relief ¶ 14, in *In re Fairfield Sentry Ltd.*, No. 10-13164 (Bankr. S.D.N.Y. Sept. 20, 2010) (Dkt. No. 95) ("[T]he [Bankruptcy] Code does not define when an 'order for relief' is entered in Chapter 15 cases").  The second clause, (a)(2)(B), permits a notice of removal to be filed within 30 days following the termination of a stay, if the action to be removed has been stayed pursuant to 11 U.S.C. § 362.  This clause applies where creditors are pursuing actions against bankruptcy estates, and not, as here, where the foreign representatives themselves are plaintiffs asserting claims against non-debtor third parties.  The third clause, (a)(2)(C), permits a notice of removal to be filed within 30 days after a trustee qualifies in a Chapter 11 case, but not later than 180 days after the order for relief in that case.  This clause applies on its terms only to Chapter 11 bankruptcy cases, and not to Chapter 15 cases.  Had the courts wanted to permit removal of actions in the context of Chapter 15, they would have drafted a rule that applies in Chapter 15.  But they did not do so, supporting the conclusion that no removal of the Action to the Fairfield Chapter 15 cases is permissible.

But even if the Court were to look beyond the overall inapplicability of Rule 9027(a)(2) to the removal of this Action, the Court should not accept Fairfield's self-serving interpretation of the rule.  Fairfield argues that it should receive the longer of the two periods set forth in Rule 9027(a)(2)—90 days rather than 30 days—and that the 90-day period should start on July 22, 2010, the date that the bankruptcy court entered an order recognizing the BVI liquidation

proceedings. But there is no reason why this interpretation should hold, and there are more logical ways to force an application of Rule 9027(a)(2), were the Court to accept the premise that the rule should be so applied.

It makes more sense, for example, to conclude that, under clause (a)(2)(B), the notice of removal should have been filed within 30 days following the June 14, 2010 filing of Fairfield's Chapter 15 petitions, since the Action was never stayed under 11 U.S.C. § 362 and could have been removed at any time during the Chapter 15 case. It also makes more sense to conclude that, under clause (a)(2)(C), the notice of removal should have been filed within 30 days following the June 14, 2010 filing of Fairfield's Chapter 15 petitions and the contemporaneous admission by the Fairfield liquidators that they were foreign representatives, since a foreign representative serves a role under Chapter 15 that is analogous to the role of a trustee under Chapter 11.

In choosing among these three potential interpretations—again, to the extent that the Court determines such a choice is appropriate—logic should not be the only guide. Given the uncertainty of how Rule 9027(a)(2) should apply, if at all, to removal of the Action, Fairfield should have filed its notice of removal within 30 days of first being able to do so—that is, 30 days after the filing of its Chapter 15 petition (which would mean July 14, 2010) or, at the very latest, 30 days after the entry of the order granting recognition of the Chapter 15 cases (which would mean August 21, 2010). Fairfield instead blatantly disregarded these earlier potential deadlines, and chose instead to rely on its self-serving interpretation of Rule 9027(a)(2)(A)'s 90-day timeline for its September notice of removal. In an instance where Fairfield is clearly forum-shopping, and causing scores of defendants to spend resources defending Fairfield's strategic procedural moves, it is appropriate to interpret Rule 9027(a)(2) in the manner most favorable to the defendants, and to disregard Fairfield's notice of removal in this action on timeliness grounds.

## III.  THE COURT SHOULD ABSTAIN FROM HEARING THIS ACTION.

Even if the Court does not determine, as it should, that the tests for remand have been met in this Action, the standards governing mandatory and permissive abstention require the return of the Action to the New York state court where Fairfield commenced it.  SNS has met each of the factors for mandatory abstention under 28 U.S.C. § 1334(c)(2).  Fairfield does not even contest that most of the mandatory-abstention factors apply, acknowledging (as it must) that (1) SNS's motion to abstain was timely; (2) the Action is based on state law claims; (3) 28 U.S.C. § 1334 provides the sole basis for jurisdiction (if any); and (4) the Action was commenced in state court.  Remand Opp. at 14-19.  Moreover, Fairfield does not argue persuasively against abstention by claiming that SNS did not show that the state court can timely adjudicate the Action.[5]

As an initial matter, it is not true, as Fairfield contends, that "the movant bears the burden of establishing" that a state court can timely adjudicate the Action.  Remand Opp. at 14 (emphasis added).  *See, e.g.*, *Vornado Realty Trust v. Stop & Shop Supermkt. Cos. (In re Bradlees, Inc.)*, No. 04-cv-5500, 2005 WL 106794, at *7 (S.D.N.Y. Jan. 19, 2005) (citing *Acolyte Elec. Corp. v. City of N.Y.*, 69 B.R. 155, 180 (Bankr. E.D.N.Y. 1986)) (requirement that movant "affirmatively [] show that the matter can be timely adjudicated in the state court . . . would seem to reverse the usual burden . . . that the party seeking to litigate in a federal forum must first establish that right"), *aff'd*, No. 86-0329, 1997 WL 47763 (E.D.N.Y. Mar. 27, 1987). Fairfield's assertions are particularly misplaced here, given that it was *Fairfield* that recently filed the Action in state court in the first place.

---

[5]  Fairfield also contends that mandatory abstention under 28 U.S.C. § 1334(c)(2) is unwarranted because the Action "arise[s] under and in the Chapter 15 case." Remand Opp. at 15.  But as set forth above and in SNS's opening brief, the Action does not arise under or in a bankruptcy case.  In fact, Fairfield did not even allege in its Notice of Removal that the Action arises *under* a Chapter 15 case.  *See* Notice of Removal ¶ 6, No. 10-cv-06585 (S.D.N.Y. Sept. 3, 2010) (Dkt. No. 1) (alleging that the Action and others like it "arise in and/or are related to the Debtors' Chapter 15 cases").

But whoever carries the burden, it is met here.  If the Action were remanded to state court, it would proceed in the Commercial Division of New York Supreme Court, which was "designed to be a world-class forum for the resolution of business disputes," *Technology Outsource Solutions, LLC v. Eni Technology, Inc.*, 02-cv-6433, 2003 WL 252141, at *4 (W.D.N.Y. Jan. 23, 2003) (citation omitted), "where cases move on a fast-track basis," *In re Amanat*, 338 B.R. 574, 582 (Bankr. S.D.N.Y. 2005); *see also Lifetime Brands Inc. v. ARC Int'l, SA*, No. 09-cv-9792, 2010 WL 454680, at *1 (S.D.N.Y. Jan. 29, 2010) (concluding that argument "tackl[ing] the ability of the Commercial Division of the New York Supreme Court to handle [the] case expeditiously" is "not persuasive"); *id.* at *2 ("the presence of common issues" between the action sought to be remanded and the bankruptcy action "no more means that this action could not be adjudicated promptly if it were remanded than it means that the Bankruptcy Court would be incapable of adjudicat[ing] the same issues promptly").  Whether some of Fairfield's other lawsuits—which Fairfield itself decided not to bring in state court—might remain before the bankruptcy court, Remand Opp. at 3, has no bearing on whether *this Action* can proceed in a timely manner in the Commercial Division.

Citing a case from the 10th Circuit, Fairfield attempts to graft onto Section 1334(c)(2) an additional requirement that a party seeking abstention "demonstrate that adjudication" in state court will not have "'any unfavorable effect on the administration of a bankruptcy case.'"  Remand Opp. at 17 (quoting *Personette v. Kennedy (In re Migard Corp.)*, 204 B.R. 764, 778 (B.A.P. 10th Cir. 1997)).  But there is no basis in the statute or in case law beyond the 10th Circuit that such an independent requirement should exist.  And in any event, Fairfield does not explain how adjudication of its common law claims in state court would have a "negative impact on [its] Chapter 15 proceeding," *id.*, especially given the limited nature of this Chapter 15 case involving

the *liquidation* of offshore investment funds and no bankruptcy estate.  *Cf. Joremi Enters., Inc. v. Hershkowitz (In re New 118th LLC)*, 396 B.R. 885, 894 (Bankr. S.D.N.Y. 2008) (observing that in a Chapter 7 liquidation "[t]here is no administrative urgency or plan of reorganization to facilitate" and thus the "timely adjudication" requirement of Section 1334(c)(2) "can be weighed relatively lightly").  To the extent there are *any* "inefficienc[ies] of litigating common issues" in more than one court, Remand Opp. at 17, that is a problem of Fairfield's own making.

Finally, for the same reasons that equitable remand is appropriate, the Action is also subject to discretionary abstention under 28 U.S.C. § 1334(c)(1), which allows this Court to abstain from hearing a case "in the interest of comity with State courts or respect for State law."  While Section 1334(c)(1) states that it applies "[e]xcept with respect to a case under chapter 15," that language indicates that a court should not exercise discretionary abstention to avoid hearing an entire Chapter 15 case.  It does not mean that discretionary abstention is inappropriate with respect to an action brought by a foreign representative in state court merely because a Chapter 15 case is pending.

## CONCLUSION

For the foregoing reasons and for the reasons set forth in SNS's opening brief, this Court should void or withdraw the reference to the bankruptcy court and, upon voiding or withdrawal, remand and abstain.

Dated:  November 12, 2010

                                       __/s/ Jeremy S. Winer_____
                                       Charles Platt
                                       Andrea J. Robinson
                                       George W. Shuster, Jr.
                                       Jeremy S. Winer
                                       Wilmer Cutler Pickering Hale and Dorr LLP
                                       399 Park Avenue
                                       New York, NY 10022
                                       Tel. (212) 230-8800
                                       Fax (212) 230-8888

                                       *Counsel to SNS Global Custody B.V.*