UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------x
In re Fairfield Sentry Ltd.,      :
et al. Litigation                 :     Memorandum & Order
----------------------------------x
This order applies to             :
the following actions:            :
                                  :
10 Civ. 7340, 10 Civ. 7341,       :
10 Civ. 7342, 10 Civ. 7343,       :
10 Civ. 7344, 10 Civ. 7395,       :
10 Civ. 7396, 10 Civ. 7397,       :
10 Civ. 7398, 10 Civ. 7407,       :
10 Civ. 7408, 10 Civ. 7410,       :
10 Civ. 7411, 10 Civ. 7521,       :
10 Civ. 7527, 10 Civ. 7529,       :
10 Civ. 7583, 10 Civ. 7598,       :
10 Civ. 7599, 10 Civ. 7612,       :
10 Civ. 7613, 10 Civ. 7619,       :
10 Civ. 7620, 10 Civ. 7629,       :
10 Civ. 7630, 10 Civ. 7631,       :
10 Civ. 7694, 10 Civ. 7725,       :
10 Civ. 7726, 10 Civ. 7741,       :
10 Civ. 7773, 10 Civ. 7774,       :
10 Civ. 7775, 10 Civ. 7776,       :
10 Civ. 7807, 10 Civ. 7808,       :
10 Civ. 7841, 10 Civ. 7931,       :
10 Civ. 7959, 10 Civ. 8198,       :
10 Civ. 8327 & 10 Civ. 8407.      :
----------------------------------x



Loretta A. Preska, Chief United States District Judge:

    Defendants in these actions[1] have moved for an order withdrawing the reference of these cases to the United States

---

[1] Plaintiffs have filed over forty actions that have been referred to the bankruptcy court. Defendants are several banks and other financial institutions that were registered shareholders of Plaintiffs' funds, as well as the beneficial owners of accounts maintained with the Defendant-institutions. For a list of the actions and named defendants, see Exhibit A attached to this order.

Bankruptcy Court for the Southern District of New York. Plaintiffs, Fairfield Sentry Ltd. and two related funds, oppose. The motion [dkt. no. 1 in all actions] is DENIED.

I. BACKGROUND

Plaintiffs were the largest "feeder funds" that maintained accounts with Bernard L. Madoff Investment Securities LLC ("BLMIS"). These funds were a vehicle for indirect private investment with BLMIS: proceeds of purchases of Plaintiffs' funds were invested, directly or indirectly, with BLMIS. Private investors who purchased shares of Plaintiffs' funds were able to redeem shares at will. Those redemptions, in turn, entitled redeeming parties to a pro rata share of the Plaintiffs' assets held by BLMIS.

After Madoff's fraud was exposed, the Plaintiffs entered liquidation proceedings in July 2009 in the British Virgin Islands ("BVI"), where the Plaintiffs are domiciled. The BVI court appointed a foreign representative who thereafter turned to the United States Bankruptcy Court for this district and filed a petition on June 14, 2010, under Chapter 15 of the Bankruptcy Code. That petition sought recognition of the BVI proceedings as "foreign main proceedings." 11 U.S.C. §§ 1502(4), 1515. It was granted on July 22, 2010. In re Fairfield Sentry Ltd., Ch. 15 Case No. 10-13164, slip op. at 10 (Bankr. S.D.N.Y. July 22, 2010).

2

Meanwhile, between April and July 2010, the foreign representative commenced several, substantially identical, proceedings in the state courts of New York against parties that had redeemed shares of Plaintiffs' funds prior to the exposure of the Madoff fraud. Those actions, in sum, seek over $3.8 billion from those redeeming parties on the basis of mistaken payment, unjust enrichment, and the like. The Plaintiffs seek restitution on the theory that because of the fraud, the share prices on redeemed shares were overstated, and the amounts paid on redemption were therefore in error. Any recovery thus would accrue to the benefit of the Plaintiffs' bankruptcy estates.

The Plaintiffs began removing these state court actions to this Court after the BVI proceedings were recognized under Chapter 15.[2] Pursuant to 28 U.S.C. § 157(a) and this Court's July 10, 1984 Standing Order of Reference (which provides for referral to the Bankruptcy Court "any and all proceedings arising under Title 11 or arising in or related to a case under Title 11"), these cases were referred to the bankruptcy court, where they now reside. The actions are in the preliminary stages; in most of them, no complaint was filed because the

---

[2] After the issuance of the recognition order under Chapter 15, Plaintiffs have filed similar new actions in the bankruptcy court. E.g., Fairfield Sentry Ltd. v. Bank of Am. Nat'l Trust & Savings Ass'n, Ch. 15 Case No. 10-13164, Adv. No. 10-3615 (Bankr. S.D.N.Y.) (complaint filed September 17, 2010).

actions were commenced by way of a summons with notice. See N.Y.C.P.L.R. 304. The furthest they have progressed is that answers have been filed in some cases. However, the bankruptcy court has some preliminary procedural and jurisdictional motions before it. Plaintiffs filed a motion for consolidation pursuant to Rule 42 of the Federal Rules of Civil Procedure, and the bankruptcy court granted it on November 9 for pretrial and discovery purposes. In re Fairfield Sentry Ltd., Ch. 15 Case No. 10-13164 (Bankr. S.D.N.Y. Nov. 9, 2010) (dkt. no. 246). Motions to remand to state court are also pending before the bankruptcy court in many of these actions, with a return date set for mid-December 2010.

II. ANALYSIS

Defendants seek withdrawal of the reference to the bankruptcy court pursuant to 28 U.S.C. § 157(d), which provides, in relevant part: "The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d). Whether to withdraw the reference under this provision is a decision made in the district court's discretion. See In re Enron Corp. (Enron I), No. 04 Civ. 7693, 2004 WL 2912893, at *1 (S.D.N.Y. Dec. 14, 2004).

In this circuit, several factors bear on whether a party moving under section 157(d) has demonstrated "cause" for

4

withdrawal. "Cause" is undefined in the statute, so "courts have focused on considerations of judicial economy and uniformity in the administration of bankruptcy law." In re Formica Corp., 305 B.R. 147, 149 (S.D.N.Y. 2004) (citing In re Orion Pictures Corp., 4 F.3d 1095, 1101 (2d Cir. 1993)).  The relevant factors include whether the proceeding is "core or non-core, whether it is legal or equitable, and considerations of efficiency, prevention of forum shopping, and uniformity in the administration of bankruptcy law." Enron I, 2004 WL 2912893, at *1; see In re Orion, 4 F.3d at 1101.

   The Court of Appeals suggests that the core/non-core determination is a "threshold" issue. In re Orion, 4 F.3d at 1101.  Here, because these cases are in the early stages of litigation, neither this Court nor the bankruptcy court has yet ruled on this issue. While this Court may make the core/non-core determination absent a ruling from the bankruptcy court, In re The VWE Grp., Inc., 359 B.R. 441, 447-48 (S.D.N.Y. 2007), the statute requires the bankruptcy court to do so before it may proceed, 28 U.S.C. § 157(b)(3). The parties dispute the core/non-core issue in their papers, advancing nuanced arguments on both sides.  Plaintiffs are engaged in a cross-border bankruptcy proceeding (governed in the United States by Chapter 15), and the state law claims advanced possibly present novel issues.  Scant materials are available in the record for this

5

Court's review at this juncture. However, the bankruptcy court is familiar with these proceedings and the underlying factual context, and, moreover, it can employ its specialty expertise to this question. Thus, judicial efficiency would be served and the uniform administration of the bankruptcy laws improved by allowing the bankruptcy judge to decide this issue in the first instance. See Official Comm. of Unsecured Creditors of Veristar, Inc. v. Am. Tower Corp., No. 05 Civ. 6268, 2005 WL 3455775, at *2 & n.2 (S.D.N.Y. Dec. 15, 2005); Enron Power Mktg., Inc. v. Holcim, Inc., No. 04 Civ. 509, 2004 WL 2149124, at *3 (S.D.N.Y. Sept. 23, 2004); In re Formica, 305 B.R. at 150. The Court thus moves to the other relevant factors without reaching a conclusion on this issue, which is not singularly dispositive. See In re Formica, 305 B.R. at 150.

The remaining factors squarely cut in favor of denying the motion because this motion is premature. District courts "are generally unreceptive to motions to withdraw references where the underlying action is in its preliminary stages and is closely related to proceedings already pending before the bankruptcy court." Enron I, 2004 WL 2912893, at *2. This is precisely the case here. These actions are certainly in their preliminary stages; the litigation has hardly moved forward. Whether or not this action is core or non-core, the bankruptcy court may adjudicate pre-trial or managerial matters even if the

6

case later is transferred to the district court. Id.; In re Formica, 305 B.R. at 150. And in this case, allowing the bankruptcy court to do so would promote, significantly, judicial economy because that court is generally familiar with the Plaintiffs' lawsuits and the complex Madoff factual context. See Enron I, 2004 WL 2912893, at *2; Enron Power Mktg., 2004 WL 2149124, at *3; In re Formica, 305 B.R. at 150.

To counter this reasoning, Defendants play variations on the theme that the "Bankruptcy Court has no prior familiarity with Plaintiffs' state claims and the novel and untested theories of mistake upon which they rest." (E.g., Def. Br. at 12 [filed Sept. 23, 2010].) This argument misses the forest for the trees. Specifically, these cases are closely related in terms of the underlying facts to other Madoff-related proceedings pending before the bankruptcy court. Cf. In re Enron Corp. (Enron II), No. 05 Civ. 4079, 2005 WL 1185804, at *2 (May 18, 2005) ("The Bankruptcy Court is more thoroughly familiar with the . . . issues in the instant matter and all of the other Enron-related cases."). Bankruptcy Judge Lifland presided over the Chapter 15 proceedings in this case, which involved substantial filings and resulted in a ten-page order. In re Fairfield Sentry Ltd., Ch. 15 Case No. 10-13164 (Bankr. S.D.N.Y. July 22, 2010). He is assigned to these cases now. Judge Lifland is also presiding over the BLMIS liquidation

proceedings. See Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC, Ch. 11 Case No. 08-1789 (Bankr. S.D.N.Y.). The Plaintiffs are defendants in an adversary action seeking return of avoidable transfers from claimants in the BLMIS liquidation before Judge Lifland. See Picard v. Fairfield Sentry Ltd., Ch. 11 Case No. 08-1789, Adv. No. 09-1239 (Bankr. S.D.N.Y.). And the Plaintiffs have sued their investment advisors for recovery of fees paid with assets Plaintiffs withdrew from BLMIS in an action now pending before Judge Lifland as well. See Fairfield Sentry Ltd. v. Fairfield Greenwich Grp., Ch. 15 Case No. 10-13164, Adv. No. 10-3800 (Bankr. S.D.N.Y.). Having these intimately related cases consolidated before one judge who is familiar with the background of these actions therefore will be more efficient and promote the uniform application of the bankruptcy laws. Enron II, 2005 WL 1185804, at *2; see Enron Power Mktg., 2004 WL 2149124, at *3; Enron I, 2004 WL 2912893, at *2.

The Defendants, some of whom already have moved for remand to state court alongside their motions for withdrawal of the reference, argue that it would be inefficient to have the bankruptcy court decide the remand issue, which is then appealable (and will be appealed) to this Court. The Court disagrees. The bankruptcy court is empowered to consider the merits of any motions to remand to state court. In re RJZM

8

Inc., No. 09 Civ. 1554, 2009 WL 1542703, at *1 (S.D.N.Y. June 2, 2009); see In re Extended Stay Inc., 435 B.R. 139, 145-46 (S.D.N.Y. 2010). The Court has every confidence in the bankruptcy court's ability to pass on these motions; given its familiarity with the underlying facts and claims presented here, the bankruptcy court "is in the best position to determine, in the first instance, the manner in which this case can and should proceed." In re RJZM Inc., 2009 WL 1542703, at *1. Defendants' contention that this Court must conduct a de novo review of the bankruptcy court's determination is not dispositive in light of the other efficiency and uniformity factors involved in this case.[3] In re Formica, 305 B.R. at 150.

Finally, the Court is suspicious of forum-shopping motivations here. To allay that concern, "courts in this Circuit have construed Section 157(d) narrowly in order to prevent an 'escape hatch' out of bankruptcy court." Enron Power Mktg., 2004 WL 2149124, at *5; see also In re Formica, 305 B.R. at 151. This factor favors denial.

Before concluding, the Court addresses Defendants' various arguments that the reference was void ab initio due to questions about and challenges to bankruptcy jurisdiction in this case.

---

[3] In light of this conclusion, the Court takes no position on certain Defendants' claim that the notice of removal itself was untimely filed. As it considers the remand issue, the bankruptcy court may entertain this jurisdictional challenge.

Whatever the merits of this argument (an issue on which the Court takes no view), the bankruptcy court is fully capable of determining its own jurisdiction, as it must to proceed. See 28 U.S.C. §§ 151, 157; In re Motors Liquidation Co., 428 B.R. 43, 55 (S.D.N.Y. 2010) (affirming the principle that "the bankruptcy court ha[s] jurisdiction to determine the issue of its own jurisdiction"). Given the Court's analysis above, the bankruptcy court is in the best practical position to decide any jurisdictional questions in the first instance.

For the reasons stated above, the motion for a withdrawal of the reference to bankruptcy court [dkt. no. 1] is DENIED without prejudice to renewal. As a result, the Court has no reason to address the motions to remand and/or abstain filed in several of these actions. Any appeal from an order of the bankruptcy court in these cases should be referred to the undersigned.

SO ORDERED.

November 22, 2010
New York, New York

_Loretta A. Preska_
LORETTA A. PRESKA
Chief U.S. District Judge

10

EXHIBIT A
Named Defendants

| Civil Action No. | Named Defendant(s) |
|---|---|
| 10 Civ. 7340 | Citibank N.A. London |
| 10 Civ. 7341 | Cacesis Bank Luxembourg |
| 10 Civ. 7342 | BNP Paribas Luxembourg S.A. |
| 10 Civ. 7343 | BNP Paribas Securities Services Luxembourg |
| 10 Civ. 7344 | HSBC Private Banking Nominee 1 (Jersey) Ltd. |
| 10 Civ. 7395 | Robinson & Co. |
| 10 Civ. 7396 | HSBC Securities Services (Luxembourg) S.A. |
| 10 Civ. 7397 | HSBC Private Bank (Guernsey) Ltd.; HSBC Private Bank (C.I.) Ltd. |
| 10 Civ. 7398 | HSBC Private Bank (Suisse) S.A. |
| 10 Civ. 7407 | Zurich Capital Markets Co. et al. |
| 10 Civ. 7408 | BNP Paribas (Suisse) S.A. et al. |
| 10 Civ. 7410 | BNP Paribas (Suisse) S.A. et al. |
| 10 Civ. 7411 | Citibank (Switzerland) Zurich; Citibank Switzerland AG |
| 10 Civ. 7521 | Kookmin Bank |
| 10 Civ. 7527 | Nomura International PLC |
| 10 Civ. 7529 | SNS Global Custody |
| 10 Civ. 7583 | Banco Itau Europa Luxembourg S.A. |
| 10 Civ. 7598 | EFG Bank |
| 10 Civ. 7599 | AXA Isle of Man A/C L&C |
| 10 Civ. 7612 | Blubank Ltd. |
| 10 Civ. 7613 | State Street Bank Luxembourg S.A. |
| 10 Civ. 7619 | Lombard Odier Darier Hentsch & Cie |
| 10 Civ. 7620 | ING Bank (Suisse) S.A. |
| 10 Civ. 7629 | Brown Brothers Harriman & Co. |
| 10 Civ. 7630 | Fidulex Management Inc. |
| 10 Civ. 7631 | JP Morgan Trust Company (Cayman) |
| 10 Civ. 7694 | Merrill Lynch Bank (Suisse) S.A. |
| 10 Civ. 7725 | Safra National Bank of New York |
| 10 Civ. 7726 | Credit Suisse (Bahamas) |
| 10 Civ. 7741 | EFG Bank (Gibraltar) Ltd. et al. |
| 10 Civ. 7773 | Deutsche Bank Trust Company America |
| 10 Civ. 7774 | Deutsche Bank (Suisse) S.A. Geneve |
| 10 Civ. 7775 | Deutsche Bank (Cayman) |
| 10 Civ. 7776 | Deutsche Bank AG Singapore |
| 10 Civ. 7807 | Hambros (Guernsey Nominees) et al. |
| 10 Civ. 7808 | SG Private Banking (Suisse) S.A. |
| 10 Civ. 7841 | Pictet & Cie |
| 10 Civ. 7931 | FIBI Bank (Switzerland) |
| 10 Civ. 7959 | CDC IXIS |
| 10 Civ. 8198 | Fortis (Isle of Man Nominees) Ltd. |

```
10 Civ. 8327        FS/CBESSA
10 Civ. 8407        Andorra Banc Agricol Reig, S.A.
```

12